<div style="text-align:center; color:red">**CORRECTED**</div>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1715V

| | |
|---|---|
| GORDEN COLLINS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 1, 2023 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On December 1, 2020, Gorden Collins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus-diphtheria-acellular-pertussis vaccine administered on July 7, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 8, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 28, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $162,263.575 (comprised of $114,500.00 for pain and suffering, $328.39 for past unreimbursable expenses, and $47,435.18 for lost wages). Proffer at 1-2. The proffer also states that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner shall be awarded $16,805.35 to satisfy a State of Maine Medicaid lien. *Id.* at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner :**

1. **A lump sum payment of $162,263.57 in the form of a check payable to Petitioner (comprised of $114,500.00 for pain and suffering, $328.39 for past unreimbursable expenses, and $47,435.18 for lost wages); and**

2. **A lump sum payment of $16,805.35, representing compensation for satisfaction of the State of Maine Medicaid lien, in the form of a check payable jointly to Petitioner[3] and**:

> **Treasurer, State of Maine**
> **Attn: Kelly S. Kramer**
> **Reimbursement Specialist**
> **Third Party Liability**
> **DHHS/Office of MaineCare Services**
> **11 State House Station**
> **Augusta, ME 04333-0011**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

</div>

---

[3] Petitioner agrees to endorse the check to the Treasurer, State of Maine (Federal Tax ID 016000001) for satisfaction of the Medicaid lien.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| GORDEN COLLINS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 20-1715V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**PROFFER ON AWARD OF COMPENSATION**

On July 15, 2022, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that he has established entitlement to compensation for a shoulder injury related to vaccine administration. ECF No. 43. Respondent filed his Response to Petitioner's Motion on August 26, 2022, recommending that entitlement to compensation be denied. ECF No. 45. On May 8, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 48.

**I.    Items of Compensation**

    a.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$114,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's May 8, 2023, entitlement decision.

b. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$328.39**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

c. <u>Lost Wages</u>

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$47,435.18**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

d. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Maine Medicaid lien in the amount of **$16,805.35**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Maine may have against any individual as a result of any Medicaid payments the State of Maine has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about July 7, 2018 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   <u>Form of the Award</u>**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision

2

and the Court's judgment award the following: [2]

    A.   A lump sum payment of **$162,263.57** in the form of a check payable to petitioner; and

    B.   A lump sum payment of **$16,805.35**, representing compensation for satisfaction of the State of Maine Medicaid lien, in the form of a check payable jointly to petitioner and:

<div align="center">
Treasurer, State of Maine<br>
Attn:  Kelly S. Kramer<br>
Reimbursement Specialist<br>
Third Party Liability<br>
DHHS/Office of MaineCare Services<br>
11 State House Station<br>
Augusta, ME 04333-0011
</div>

Petitioner agrees to endorse the check to the Treasurer, State of Maine (Federal Tax ID 016000001) for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                                                            Respectfully submitted,

                                                            BRIAN M. BOYNTON<br>
                                                            Acting Assistant Attorney General

                                                           C. SALVATORE D'ALESSIO<br>
                                                           Director<br>
                                                           Torts Branch, Civil Division

                                                           HEATHER L. PEARLMAN<br>
                                                           Deputy Director<br>
                                                           Torts Branch, Civil Division

                                                           ALEXIS B. BABCOCK<br>
                                                           Assistant Director<br>
                                                           Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

<div align="center">3</div>

4

                                            */s/ Lauren Kells*
                                            LAUREN KELLS
                                            Trial Attorney
                                            Torts Branch, Civil Division
                                            U.S. Department of Justice
                                            P.O. Box 146
                                            Benjamin Franklin Station
                                            Washington, D.C. 20044-0146
                                            Tel.:  (202) 616-4187
                                            Email:  Lauren.Kells@usdoj.gov

DATED:   November 28, 2023